911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James T. WILLIAMS, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 89-2826.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1990.
Decided July 18, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Aiken. Sol Blatt, Jr., Senior District Judge. (CA-87-2583-1-8)
 Mary J. Wisen-Kosinski, Aiken, S.C., for appellant.
 John Jarrett, Assistant Regional Counsel, Department of Health and Human Services, Atlanta, Ga. (Argued), for appellee; Stuart E. Schiffer, Assistant Attorney General, Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation & Programs, James N. Stephens, Principal Regional Counsel for Social Security Retirement & Survivor's Litigation & Programs, Department of Health and Human Services, Atlanta, Ga., E. Bart Daniel, United States Attorney, Wistar D. Stuckey, Assistant United States Attorney, Vinton D. Lide, Office of the United States Attorney, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 James T. Williams is again before this court in a dispute over the payment of Social Security disability benefits. Williams claims that he was "without fault" in accepting overpayment of benefits between the years of 1976 and 1982. Finding no merit in Williams' contentions, we affirm the ruling of the district court requiring Williams to reimburse the Secretary for the excess payments.
 
 I.
 
 2
 A period of disability was established for appellant beginning February 9, 1973; however, in December 1975, he received notice that the Social Security Administration had determined that his disability had ceased as of November 1975. The notice stated that Williams would receive benefits only through January 1976. Attached to the notice of benefits termination was the following information regarding Williams' right to appeal:
 
 
 3
 Appeal Within 10 Days If You Want The Prior Payment Continued
 
 
 4
 If you decide to request a hearing and you want your prior payment continued until the hearing is completed, you must request a hearing in writing within 10 days of receiving this notice. If you request a hearing within 10 days, we will continue or reinstate the prior payment until a hearing decision is made, no matter how long it takes. Depending on the outcome of your appeal, you may have to pay back any money you were not entitled to receive. For this reason, you may want to waive continuation or reinstatement of the prior payment; then, if you are successful on appeal, any money due you will be paid.
 
 
 5
 Williams requested an administrative review of the disability determination and, on September 21, 1976, an ALJ issued a decision upholding the termination of benefits. At the time that he requested the administrative hearing, Williams elected to continue receiving benefits, pending the outcome of the hearing.
 
 
 6
 After the initial hearing before the ALJ, Williams' claim wended its tortuous way through a series of reviews and remands that involved two different hearings before the United States District Court, one earlier appearance before this court, and a second hearing before an ALJ after the Appeals Council vacated the ALJ's original decision. During the pendency of his appeal, Williams continued to receive disability benefits until May 1982. In June 1982, the Administration notified Williams that he had received $20,064.20 in excess benefits between February 1976, the time as of which the Administration had determined that benefits should cease, and May 1982, the time at which the benefits payments actually terminated. Williams' filing of a separate claim for benefits forestalled the Administration's efforts to recover the excess payments until the second claim was finally denied in October of 1985.
 
 
 7
 In proceeding against Williams, the Administration waived recovery of the benefits that were paid between the initial termination date of January 1976 and September 1976, the date of the initial hearing in which the ALJ ruled that the claimant was no longer entitled to benefits payments. However, this left a balance of $18,602.50 in excess payments that the Administration sought to recover. After a hearing, an ALJ ruled that Williams was not "without fault" in accepting the overpayments and the Secretary could therefore compel the repayment of the excess benefits that Williams had received. The Appeals Council refused to review the ALJ's ruling and the district court affirmed the ALJ's ruling. This appeal followed.
 
 II.
 
 8
 Under the applicable regulations, the Administration may not recover overpayments
 
 
 9
 with respect to an individual:
 
 
 10
 (a) Who is without fault and
 
 
 11
 (b) Adjustment or recovery would either:
 
 
 12
 (1) Defeat the purpose of title II of the Act, or
 
 
 13
 (2) Be against equity and good conscience.
 
 
 14
 20 C.F.R. Sec. 404.506. Williams argues that he qualifies as "without fault" because he did not receive notice that he could be required to pay back excess benefits and because, at the time, he did not know that he was receiving payments to which he was not entitled. He states that, after the notice of December 1975, none of the correspondence that he received from the Administration stated that he was improperly receiving benefits. Although this may be true, the 1975 notice clearly states that, depending on the outcome of his appeal, he could be ineligible for benefits that he received after the initial disability termination and he could be required to repay them. The Administration is not required to repeat this notice on each check or in each item of correspondence with a recipient.
 
 
 15
 The Administration's regulations provide that a Social Security recipient may not qualify as "without fault" if he has accepted a "payment which he either knew or could have been expected to know was incorrect." 20 C.F.R. Sec. 404.507(c). Whether, as Williams contends, he did not actually know that the payments that he was receiving were incorrect is immaterial: in light of clear and unambiguous language of the 1975 notice, he clearly "could have been expected to know" that he was not entitled to the continuing payments.
 
 
 16
 Williams also attempts to construe the 1975 notice to say that he would be entitled to keep the disability payments that he received during the pendency of his appeal. A reading of the notice reveals the fallacy of this claim. He was clearly notified in the notice of benefits termination that he could be required to return payments received after the initial termination of benefits.
 
 
 17
 We also reject the claimant's contention that, because the Appeals Council vacated the ALJ's first ruling in this case, the Administration should be permitted only to recover payments that Williams received after June 14, 1979, the date of the ALJ's second and final decision holding that Williams' disability had ceased in 1975. In vacating the ALJ's initial decision, the Appeals Council sought only an elaboration of the grounds for the decision. In no way did this vacation of the first ALJ's ruling signify that the decision was in error or contrary to the evidence. The ALJ's second decision agreed with the first on the issue of the date Williams' disability had terminated. The mere fact that the date of disability termination was announced a second time, three years after the first announcement, will not operate to waive the Secretary's right to recover overpayments that the claimant received during the period between the two rulings.
 
 
 18
 Finally, Williams argues that, in Barone v. Bowen, 869 F.2d 49 (2d Cir.1989), the Second Circuit prohibited the recovery of benefits more than four years after they had been improperly paid unless the Secretary could demonstrate "fraud or similar fault." This is a misreading of Barone. That decision held only that the Secretary had improperly reopened the claimant's case because there had not been a sufficient finding of "fraud or similar fault." Id. at 52-53. The court did not speak directly to the question of how far back the Secretary could go in recovering improperly paid benefits; instead, the decision turned on the question of when a case becomes too old to reopen in the absence of evidence of fraud. Since Williams' case has not been reopened, but has been on appeal since the original denial of eligibility, the rule of Barone is inapplicable.
 
 
 19
 For the above reasons, we affirm the district court's finding that Williams was not "without fault" in receiving the disability payments to which he was not entitled. Accordingly, the decision of the district court is
 
 
 20
 AFFIRMED.